In re **CHESTER WOODWORKING, INC., Debtor.**

**CHESTER WOODWORKING, INC., Plaintiff,**

v.

**S.S. KEELY & SONS, INC., Joseph Moran and Boyertown Planing Mill Company, Defendants.**

**Bankruptcy No. 80–00180G. Adv. No. 84–1252G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 22, 1986.

Jay G. Ochroch, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for debtor/plaintiff, Chester Woodworking, Inc.

John P. Kennedy, Lucy I. Corcoran, Philadelphia, Pa., for defendants, S.S. Kelly & Sons, Inc. and Joseph Moran.

Marcy B. Tanker, Liebert, Short, Fitzpatrick & Lavin, Philadelphia, Pa., for defendant, Boyertown Planing Mill Co.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The matter for resolution is whether transfers of several executory contracts are avoidable under Pennsylvania's Uniform Fraudulent Conveyance Act ("the Conveyance Act") on the basis that adequate consideration was not passed for the contracts. Under the findings of fact and conclusions of law expressed below, we hold that the transfers are not avoidable.

The facts of this case are as follows:[1] The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code"). Four years later the debtor lodged the instant complaint against Boyertown Planing Mill Company ("Boyertown"), S.S. Keely & Sons, Inc. ("Keely") and Joseph Moran ("Moran"), who is president of Keely. In the first count of the two count complaint the debtor asserted that Keely owed the debtor $15,013.60. In the second count the debtor sought to set aside under the Conveyance Act transfers of several contracts made by Keely to Boyertown. The debtor moved for summary judgment on both counts. We granted the requested relief on the first count but denied it as to the second count.

The facts underlying the second count of the complaint are that Keely was in the business of making cabinetry and regularly contracted with numerous parties for the production of woodworking. When the manufacturing arm of Keely's business collapsed, Keely continued to solicit contracts which it would subcontract to other cabinetry firms that still manufactured their own goods. When the total collapse of Keely's business seemed imminent, Keely transfer-red several remaining contracts to Boyertown, although no consideration passed in exchange for these contracts. The debtor was a creditor of Keely's at the time of the transfers and, then as now, Keely was insolvent. Several months after the transfers, the contracts were fulfilled and Boyertown generated a profit of $4,300.00 but the debtor failed to prove the value of the contracts at the time of the transfers.

The debtor bases its claim for relief on the following provision of the Conveyance Act:

§ 354. Conveyance by insolvent

Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration.

Pa.Stat.Ann. tit. 39, § 354 (Purdon 1954). All the elements of § 354 have been established except the lack of fair consideration for the transfer of the contracts.

Contracts, such as those before us, differ from many types of tangible property in that contracts may have a potential to *make* money or to *lose* it, and thus lack the sort of "value" that inheres in more concrete types of personalty. Although the contracts ultimately proved worthwhile in that they generated $4,300.00 in profit, this value vested several months after the transfers and only after the actualization of significant amounts of work. We find it difficult to infer that the contracts were worth $4,300.00 at the time of the transfers simply because they generated that amount of profit months later. The infusion of Boyertown's labors, no doubt, played a part. Although no consideration was passed for the contracts, we must conclude that the debtor failed to prove a lack of fair consideration. We will accordingly enter an order denying the debtor relief on count two of its complaint.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.